**ORIGINAL**

# In the United States Court of Federal Claims
No. 17-643C

(Filed: August 3, 2017)

```
***********************************
                                  )
RICHARD J. BOBKA,                 )
                                  )
            Plaintiff,            )
                                  )
   v.                             )
                                  )
UNITED STATES,                    )
                                  )
            Defendant.            )
                                  )
***********************************
```

Challenge to conviction and imprisonment; contractual claims; statutory and rule-based claims; jurisdiction

**FILED**
AUG - 3 2017
U.S. COURT OF FEDERAL CLAIMS

Richard J. Bobka, *pro se*, Estill, South Carolina.

Isaac B. Rosenberg, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for defendant. With him on the briefs were Chad A. Readler, Acting Assistant Attorney General, Civil Division, Robert E. Kirschman, Jr., Director, and Patricia M. McCarthy, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C.

## OPINION AND ORDER

LETTOW, Judge.

Plaintiff, Richard J. Bobka, brings suit to challenge his allegedly unjust conviction and imprisonment that resulted from criminal charges filed against him in the United States District Court for the Middle District of Florida. Mr. Bobka pleaded guilty to multiple felony counts in 2012 and was sentenced to 180-months (15 years) imprisonment, but he now alleges he was "forced" into entering contracts with the government while under duress and that such contracts were used to convict him. He also alleges that the government violated numerous constitutional amendments, criminal and civil statutes, and the Federal Rules of Civil Procedure, and that the government engaged in tortious conduct. He seeks damages, a vacated sentence, and an immediate release from prison, among other injunctive relief.

Pending before the court is the government's motion to dismiss plaintiff's complaint. For the reasons stated, the government's motion to dismiss is granted pursuant to Rules 12(b)(1) and 12(b)(6) of the Rules of the Court of Federal Claims ("RCFC").

7017 1450 0000 1346 3875

## BACKGROUND

On February 10, 2012, Mr. Bobka pled guilty to multiple felony counts for his involvement in a "mortgage fraud conspirac[y]." *See United States v. Cavallo*, 790 F.3d 1202, 1210 & n.1 (11th Cir. 2015); Acceptance of Plea of Guilty and Adjudication of Guilt, *United States v. Bobka*, No. 8:10-550-EAK-MAP-4 (M.D. Fla. Feb. 10, 2012), ECF No. 491. He did so through a "straight up plea" before the United States District Court for the Middle District of Florida. Guilty Plea Minutes, *United States v. Bobka*, No. 8:10-550-EAK-MAP-4 (M.D. Fla. Oct. 30, 2012), ECF No. 487.[1] He was thereafter sentenced to 180-months imprisonment and ordered to pay approximately $22.8 million in restitution. Judgment at 3, 6, *United States v. Bobka*, No. 8:10-550-EAK-MAP-4 (M.D. Fla. Oct. 30, 2012), ECF No. 823. Three of the approximately nineteen defendants involved in the conspiracy appealed their convictions, but Mr. Bobka did not appeal his conviction or his sentence. *See Cavallo*, 790 F.3d at 1210.

Mr. Bobka filed suit in this court on May 15, 2017, bringing claims for unjust conviction and false imprisonment. *See generally* Compl. In support, Mr. Bobka alleges that he entered into "a combination of express, adhesion, and implied contracts" with the government, and that those contracts were "used to convict and imprison [him]." Compl. ¶ 20. He further alleges that the government "forced" him to enter into those purported contracts while he was under duress. *See, e.g.*, Compl. ¶¶ 3, 7, 49. Therefore, according to Mr. Bobka, the alleged contracts that formed the basis for his conviction and imprisonment should be considered "null and void." Compl. ¶ 21; *see also* Compl. ¶¶ 1, 3.

In challenging his conviction and imprisonment, Mr. Bobka alleges that the government has violated seven constitutional amendments, specifically, the Fourth, Fifth (Due Process Clause), Sixth, Seventh, Eighth, Eleventh, and Fourteenth (Due Process and Equal Protection Clauses) Amendments. Compl. ¶ 23. He also invokes numerous criminal statutes, provisions of the Civil Rights Act (codified at 42 U.S.C. §§ 1985-86), the statute governing the oath taken by justices and judges (codified at 28 U.S.C. § 453), a provision of the Rehabilitation Act of 1973, Pub. L. No. 93-112, 87 Stat. 355 (codified at 29 U.S.C. §§ 701-18), and the Federal Rules of Civil Procedure. *See* Compl. ¶¶ 25-38. Additionally, he alleges that the government has committed fraud, acted negligently, damaged his reputation, conspired against him, inflicted emotional distress upon him, and abused him. *See* Compl. ¶¶ 32, 40, 43. To remediate the government's alleged wrongdoing, Mr. Bobka requests that the court (1) award him approximately $47 million in compensatory and punitive damages, Compl. ¶ 40, and (2) vacate his conviction and order his immediate release, among other injunctive relief, *see* Compl. at 16-17.

---

[1]Mr. Bobka pled guilty four days after the trial of three other defendants and himself had begun. *See Cavallo*, 790 F.3d at 1210 n.1, 1237. The other three defendants were convicted after a jury trial, and their appeal from those convictions was resolved by the Eleventh Circuit's decision in *Cavallo*.

A number of other individuals were involved in the fraudulent scheme. "Fifteen of the defendants' cohorts pled guilty either to the conspiracy count or to at least one substantive count." *Cavallo*, 790 F.3d at 1210.

2

## STANDARDS FOR DECISION

### A. Jurisdiction

A plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence, *Taylor v. United States*, 303 F.3d 1357, 1359 (Fed. Cir. 2002), and the leniency afforded *pro se* litigants with respect to formalities does not relieve them of jurisdictional requirements, *Kelley v. Secretary, United States Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987).

Pursuant to the Tucker Act, this court has jurisdiction "to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). The Tucker Act waives sovereign immunity and allows a plaintiff to sue the United States for money damages, *United States v. Mitchell*, 463 U.S. 206, 212 (1983), but it does not provide a plaintiff with substantive rights, *United States v. Testan*, 424 U.S. 392, 398 (1976). To establish jurisdiction, "a plaintiff must identify a separate source of substantive law that creates the right to money damages." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc in relevant part) (citing *Mitchell*, 463 U.S. at 216; *Testan*, 424 U.S. at 398).

### B. Whether Plaintiff Has Stated a Plausible Claim

A defendant can seek dismissal under RCFC 12(b)(6) if the complaint fails to state a claim upon which the court can grant relief. Under that rule, a complaint must "contain sufficient factual matter," which for the purpose of the motion the court assumes to be true, "to 'state a claim to relief that is plausible on its face.'" *Ashcroft v Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). That rule is applied less stringently when the complaint is filed by a *pro se* plaintiff. *Pieczenik v. Bayer Corp.*, 474 Fed. Appx. 766, 770 (Fed. Cir. 2012) (citing *Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980)). In such instances, the court should search the complaint and record "to see if plaintiff has a cause of action somewhere displayed." *Ruderer v. United States*, 412 F.2d 1285, 1292 (Ct. Cl. 1969).

## ANALYSIS

### A. 28 U.S.C. § 1495

Mr. Bobka endeavors to invoke this court's jurisdiction by relying on 28 U.S.C. § 1495, which provides the court with "jurisdiction to render judgment upon any claim for damages by any person unjustly convicted of an offense against the United States and imprisoned." *See* Compl. at 1. A plaintiff bringing suit pursuant to 28 U.S.C. § 1495 must satisfy the conditions of 28 U.S.C. § 2513 by, among other requirements, alleging and proving that:

> His conviction has been reversed or set aside on the ground that he is not guilty of
> the offense of which he was convicted, or on new trial or rehearing he was found

not guilty of such offense, as appears from the record or certificate of the court setting aside or reversing such conviction, or that he has been pardoned upon the stated ground of innocence and unjust conviction . . . .

28 U.S.C. § 2513(a)(1). The resulting requirements under these paired statutes have "always been strictly construed." *Vincin v. United States*, 468 F.2d 930, 933 (Ct. Cl. 1972) (citations omitted). As a result, an unjust conviction and imprisonment claim must be established by either a certificate or explicit finding of innocence granted by the court or a pardon. *See Hadley v. United States*, 66 F. Supp. 140, 141 (Ct. Cl. 1946); *see also Brickey v. United States*, 116 Fed. Cl. 71, 79 (2014). Such a certificate or explicit finding of innocence or pardon must either expressly or by factual recitation state that the plaintiff has satisfied the requirements of Section 2513. *See Andolschek v. United States*, 77 F. Supp. 950, 951 (Ct. Cl. 1948); *see also Sykes v. United States*, 105 Fed. Cl. 231, 233 (2012). "In acting on a claim predicated upon Sections 1495 and 2513, this court 'does not have the power to review and overturn convictions or to review in detail the facts surrounding a conviction or imprisonment.'" *Sykes*, 105 Fed. Cl. at 233 (quoting *Zakiya v. United States*, 79 Fed. Cl. 231, 234-35 (2007), *aff'd*, 277 Fed. Appx. 985 (Fed. Cir. 2008)). Because Mr. Bobka has not alleged or established that he obtained a certificate or explicit finding of innocence or that he received a pardon in accord with Section 2513, his unjust conviction claim must be dismissed. That dismissal should be entered under RCFC 12(b)(6) rather than RCFC 12(b)(1). *See Engage Learning, Inc. v. Salazar*, 660 F.3d 1346, 1354 (Fed. Cir. 2011) ("To the extent a successful claim against the government requires compliance with all statutory elements of the claim, failure of proof of an element of the cause of action means the p[laintiff] is not entitled to the relief he seeks. To conclude in such a case that the p[laintiff] loses because the forum is 'without jurisdiction' is to obscure the nature of the defect. It would be more accurate to conclude that the p[laintiff] has failed to prove the necessary elements of a cause for which relief could be granted.") (quoting *Spruill v. Merit Sys. Prot. Bd.*, 978 F.2d 679, 687 (Fed. Cir. 1992)); *see also Sykes*, 105 Fed. Cl. at 234 (citing and quoting *Engage Learning*, 660 F.3d at 1354; *Adair v. United States*, 497 F.3d 1244, 1251 (Fed. Cir. 2007); and *Fisher*, 402 F.3d at 1171-76).

### B. Contract Claims

Mr. Bobka further alleges that he entered into express and implied contracts with the government in connection with his conviction and imprisonment. *See, e.g.*, Compl. ¶¶ 1, 3, 7, 15-21. Claims for breach of contract typically fall within the court's jurisdiction pursuant to the Tucker Act, *see* 28 U.S.C. § 1491(a)(1); *Bussie v. United States*, 96 Fed. Cl. 89, 97 (2011), *aff'd*, 443 Fed. Appx. 542 (Fed. Cir. 2011), and there is generally a "presumption in the civil context that a damages remedy will be available upon the breach of an agreement," *Sanders v. United States*, 252 F.3d 1329, 1334 (Fed. Cir. 2001). Nonetheless, "contracts that are entirely concerned with the conduct of parties in a criminal case, without a clear, unmistakable statement triggering monetary liability, do not invoke Tucker Act jurisdiction." *Higbie v. United States*, 778 F.3d 990, 993 (Fed. Cir. 2015) (citation omitted); *see also Sanders*, 252 F.3d at 1334-35 (recognizing that "a damages remedy is not ordinarily available" where the alleged agreement "is entirely concerned with the conduct of the parties in a criminal case") (citing *Kania v. United States*, 650 F.2d 264, 268 (Ct. Cl. 1981)); *Schweitzer v. United States*, 82 Fed. Cl. 592, 596-97 (2008) (finding that the court lacked jurisdiction over plaintiffs' "contract claims arising out of the use

4

of plea agreements in the criminal justice system" because such agreements did not "'clearly and unmistakably' subject[] the government to any monetary liability whatsoever for any breach'") (citing *Sanders*, 252 F.3d at 1335-36).

Here, Mr. Bobka pled guilty through a "straight up plea" in district court. Guilty Plea Minutes, *United States v. Bobka*, No. 8:10-550-EAK-MAP-4 (M.D. Fla. Feb. 10, 2012); *see also* Acceptance of Plea of Guilty and Adjudication of Guilt, *United States v. Bobka*, No. 8:10-550-EAK-MAP-4 (M.D. Fla. Feb. 10, 2012). His complaint in this court references a series of alleged "contracts" in connection with that guilty plea and conviction, *see, e.g.*, Compl. ¶¶ 1, 20, but he fails to set forth any details or specific agreements that could subject the government to monetary liability, as required by the Tucker Act, *see Higbie*, 778 F.3d at 993. He instead supports his contract claims by alleging that the government's criminal prosecution established "an implied or constructive trust relationship" between himself and the government, Compl. ¶ 9, and that his incarceration has resulted in a contract that binds Mr. Bobka "to the government's terms," Compl. ¶ 15. This court, however, lacks jurisdiction over both constructive trust claims, *see Frank & Breslow, LLP v. United States*, 43 Fed. Cl. 65, 68 (1999) (citations omitted), and implied-in-law contract claims where a party alleges that "the law imposes a duty in order to prevent injustice," *International Data Prod. Corp. v. United States*, 492 F.3d 1317, 1325 (Fed. Cir. 2007); *see also Hercules Inc. v. United States*, 516 U.S. 417, 423 (1996) (explaining that Tucker Act jurisdiction "extends only to contracts either express or implied in fact, and not to claims on contracts implied in law") (citations omitted). Mr. Bobka's contract claims therefore fall outside the jurisdiction of this court.

### C. *Constitutional Claims*

Mr. Bobka also alleges that the government has violated the Fourth, Fifth (Due Process Clause), Sixth, Seventh, Eighth, Eleventh, and Fourteenth (Due Process and Equal Protection Clauses) Amendments. Compl. ¶ 23. Under the circumstances, these stand-alone constitutional claims are not properly before this court because they are not money-mandating. *See Brown v. United States*, 105 F.3d 621, 623 (Fed. Cir. 1997) (holding that the Fourth Amendment does not mandate payment and therefore such claims are not within the jurisdiction of the court) (citing *Mitchell*, 463 U.S. at 218; *Murray v. United States*, 817 F.2d 1580, 1582-83 (Fed. Cir. 1987)); *Milas v. United States*, 42 Fed. Cl. 704, 710 (1999) (holding that the court lacks jurisdiction over Sixth Amendment claims because the Sixth Amendment is not money-mandating) (citations omitted), *aff'd*, 217 F.3d 854 (Fed. Cir. 1999); *Harris v. United States*, 118 Fed. Cl. 180, 190 (2014) (ruling that claims under the Seventh Amendment are not properly brought in this court because the Seventh Amendment is not money-mandating) (citation omitted), *recons. denied*, No. 14-229C, 2014 WL 6853273 (Fed. Cl. Dec. 5, 2014); *Trafny v. United States*, 503 F.3d 1339, 1340 (Fed. Cir. 2007) (providing that the court "does not have jurisdiction over claims arising under the Eighth Amendment, as the Eighth Amendment 'is not a money-mandating provision.'") (citations omitted); *Fullard v. United States*, 78 Fed. Cl. 294, 301 n.12 (2007) (explaining that "the Eleventh Amendment has no application in this court"); *LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995) (holding that the Equal Protection and Due Process Clauses of the Fifth and Fourteenth Amendments do not provide "a sufficient basis for jurisdiction because they do not mandate payment of money by the government") (citations omitted).

*D. Statutory and Rule-Based Claims*

Mr. Bobka's additional claims based upon federal statutes or rules, which include allegations related to criminal wrongdoing, the Civil Rights Act, judicial misconduct, the Rehabilitation Act of 1973, and the Federal Rules of Civil Procedure, are jurisdictionally unavailing. Mr. Bobka alleges violations of multiple criminal statutes, such as 18 U.S.C. § 1001, which criminalizes false statements, *see* Compl. ¶¶ 25-29, 34-35, but the court lacks jurisdiction over these claims, *see Joshua v. United States*, 17 F.3d 378, 379 (Fed. Cir. 1994) ("The court has no jurisdiction to adjudicate any claims whatsoever under the federal criminal code."). He also attempts to invoke 42 U.S.C. §§ 1985 and 1986, Compl. ¶¶ 31-32, but "jurisdiction over claims arising under the Civil Rights Act resides exclusively in the district courts," *Hardin v. United States*, 123 Fed. Cl. 667, 671 (2015) (quoting *Marlin v. United States*, 63 Fed. Cl. 475, 476 (2005), *appeal dismissed*, 146 Fed. Appx. 491 (Fed. Cir. 2005)). Mr. Bobka's claim of judicial misconduct based upon 28 U.S.C. § 453, which governs the oath for justices and judges, *see* Compl. ¶ 30, is also outside the jurisdiction of the court because that statute does not provide Mr. Bobka with "an independent right to monetary damages," *Hardin v. United States*, No. 14-557C, 2014 WL 4724472, at *3 (Fed. Cl. Sept. 23, 2014) (citation omitted). Further, Mr. Bobka's reliance on the Rehabilitation Act of 1973, *see* Compl. ¶ 33, is unavailing because "jurisdiction for such claims lies exclusively with the district courts," *Searles v. United States*, 88 Fed. Cl. 801, 805 (2009) (citing cases). The court also lacks jurisdiction over claims based upon the Federal Rules of Civil Procedure, as they are not money-mandating. *See Young v. United States*, 88 Fed. Cl. 283, 288 (2009), *appeal dismissed*, 367 Fed. Appx. 125 (Fed. Cir. 2009). Thus, none of the statutes or rules cited by Mr. Bobka provide this court with jurisdiction.

*E. Tort-Based Claims*

Mr. Bobka also alleges that the government engaged in tortious conduct, *e.g.*, fraud, negligence, and defamation. *See, e.g.*, Compl. ¶¶ 32, 40, 43. This court, however, does not have jurisdiction over allegations based in tort. *Rick's Mushroom Serv., Inc. v. United States*, 521 F.3d 1338, 1343 (Fed. Cir. 2008). To the extent that such claims fall within the Federal Tort Claims Act ("FTCA"), *see* 28 U.S.C. §§ 2671-80; *see also* 28 U.S.C. § 1346(b), the "district courts have exclusive jurisdiction to consider tort claims against the United States that fall within the purview of the FTCA," *Zhao v. United States*, 91 Fed. Cl. 95, 100 (2010) (citing 28 U.S.C. § 1346(b); *Wood v. United States*, 961 F.2d 195, 197 (Fed. Cir. 1992)).

*F. Statute of Limitations*

Mr. Bobka's claims are also time-barred in part by 28 U.S.C. § 2501, which provides that a claim must be "filed within six years after such claim first accrues." A cause of action first accrues "when all the events which fix the government's alleged liability have occurred and the plaintiff was or should have been aware of their existence." *San Carlos Apache Tribe v. United States*, 639 F.3d 1346, 1350 (Fed. Cir. 2011) (quoting *Hopland Band of Pomo Indians v. United States*, 855 F.2d 1573, 1577 (Fed. Cir. 1988)). Section 2501 is jurisdictional and cannot be tolled for equitable reasons. *John R. Sand & Gravel Co. v. United States*, 552 U.S. 130, 133-34 (2008).

Here, Mr. Bobka alleges that the government's wrongdoing occurred "between January 1, 2010 and December 15, 2012." Compl. ¶ 24. Therefore, because he did not file suit until May 15, 2017, Mr. Bobka's claims are time-barred to the extent that such claims accrued before May 15, 2011.

### G. Punitive Damages

Additionally, Mr. Bobka requests punitive damages, *see* Compl. ¶ 40, but the court lacks jurisdiction to grant such a request, *Bussie*, 96 Fed. Cl. at 96 (citing *Environmental Safety Consultants, Inc. v. United States*, 95 Fed. Cl. 77, 98 (2010) (in turn citing 28 U.S.C. § 1491(a); *Mastrolia v. United States*, 91 Fed. Cl. 369, 382 (2010))).

### H. Injunctive Relief

Finally, Mr. Bobka requests that the court vacate his conviction and order his immediate release, among other injunctive relief. *See* Compl. at 16-17. The court does not have jurisdiction to provide such a remedy. *Taylor v. United States*, 113 Fed. Cl. 171, 173 (2013) ("The Tucker Act does not provide independent jurisdiction over . . . claims for equitable relief."). Even if Mr. Bobka's request is construed as a petition for a writ of habeas corpus, the court is not "among those courts empowered" to grant such a writ under the habeas statute, 28 U.S.C. § 2241. *See Ledford v. United States*, 297 F.3d 1378, 1381 (Fed. Cir. 2002); *see also Joshua*, 17 F.3d at 380 ("[T]he Court of Federal Claims does not have jurisdiction to review the decisions of district courts or the clerks of district courts relating to proceedings before those courts.").

## CONCLUSION

For the reasons stated, the government's motion to dismiss is GRANTED pursuant to RCFC 12(b)(1) and 12(b)(6). The clerk shall enter judgment in accord with this disposition.

No costs.

It is so **ORDERED**.

Charles F. Lettow
Judge